NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
MATTHEW J. ROSENBAUM (Cal. Bar No. 319700)
Assistant United States Attorney
General Crimes Section
1100 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-4896
Facsimile: (213) 894-0141
E-mail: matthew.rosenbaum@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIMO ARJON,<br><br>Defendant. | No. CR 8:18-00118-DOC<br><br>GOVERNMENT'S SENTENCING POSITION<br><br>Sentencing Date: 2/25/19<br>Sentencing Time: 1:30 p.m.<br>Location: Courtroom of the Hon. David O. Carter |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Matthew J. Rosenbaum, hereby files its sentencing position regarding defendant Timo Arjon.

The government's sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, and any other evidence or argument that the Court may wish to consider at the time of sentencing.

//

//

The government respectfully requests the opportunity to supplement its position or respond to defendant as may become necessary.

Dated: February 7, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

*/s/ Matthew J. Rosenbaum*
MATTHEW J. ROSENBAUM
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

On October 29, 2018, defendant TIMO ARJON ("defendant"), pleaded guilty to Count Two of a two-count indictment, which charged him with Procurement of Citizenship and Naturalization Unlawfully, in violation of 18 U.S.C. § 1425. He now faces sentencing.

For the reasons set forth below, the government respectfully requests that the Court impose a sentence of 6 months' imprisonment, as recommended by the United States Probation Office ("USPO"). The government also requests that the Court impose: (1) three years of supervised release; (2) a $4,000 fine; and (3) a $100 special assessment.

**II. THE OFFENSE CONDUCT**

Defendant is a native and citizen of Mexico. In 2015, defendant unlawfully attempted to procure (and did procure) naturalization as a United States citizen. He did so by making material misrepresentations and false sworn statements in connection with his naturalization application, including claims: (1) that he had never claimed to be a citizen of the United States; (2) that he had never committed or attempted to commit a crime or offense for which he was not arrested; (3) that he had never given an United States government official any information or document that was false, fraudulent, or misleading; and (4) that he had never lied to any United States government official to gain entry or admission into the United States or to gain immigration benefits while in the United States.

Each of these statements was false, fictitious, and fraudulent because, as defendant then well knew, the following were true: (1) on or about March 7, 2008, in an application for a United States

passport, defendant claimed to be J.A.G., a citizen of the United States; (2) on or about March 7, 2008, defendant committed the offense of making a false statement in an application for a United States passport in violation of Title 18, United States Code, Section 1542, for which he was not arrested; (3) on or about May 19, 2015, defendant willfully and knowingly used a fraudulent passport the issue of which was secured by a false statement, when he gave a United States Customs and Border Protection Officer ("CBPO") a United States passport with a photograph of defendant, but the name and date of birth of J.A.G., a violation of Title 18, United States Code, Section 1542, for which he was not arrested; and (4) on or about May 19, 2015, defendant lied to a CBPO by representing that he was J.A.G. in order to gain entry and admission into the United States.

As a result of such misrepresentations and false statements, defendant unlawfully procured naturalization to which he was not entitled.

**III. THE PLEA AGREEMENT AND STIPULATED JUDICIAL REMOVAL ORDER**

The Plea Agreement specifies that defendant's base offense level is 8, pursuant to United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") § 2L2.2(a). (Dkt. 27, ¶ 13.) Because the defendant knowingly used a fraudulent U.S. passport card, a four-level enhancement applies pursuant to U.S.S.G. § 2L2.2(b)(3)(A), yielding an offense level of 12. (Id.) The Plea Agreement also requires the government to recommend a two-level reduction for acceptance of responsibility. Additionally, the Plea Agreement includes a 1-level downward departure based on the benefit to the United States of defendant's stipulation to a proposed order of judicial removal, which would result in a total offense level of 9.

As part of the Plea Agreement, (see Dkt. 27, ¶¶ 2(h)-2(k), 9), defendant agreed to such a stipulation and an entry of a judicial removal order that will result in his removal from the United States. (Dkt. 28.) Among other things, through these documents, defendant:

- Admitted that he is a native and citizen of Mexico and that he is removable from the United States pursuant to the following provision of law: Title 8, United States Code, Section 1227(a)(3)(D)(i), in that defendant has falsely represented himself to be a citizen of the United States for any purpose or benefit under any Federal or State law;

- Acknowledged that pursuant to Title 8, United States Code, Section 1451(e), defendant's conviction on count two of the indictment will result in defendant's United States citizenship being revoked, set aside, and declared void, and defendant's certificate of naturalization being cancelled;

- Requested that an order be issued by this Court for his removal to Mexico. Defendant has agreed to accept a written order of removal as a final disposition of these proceedings and waives any and all rights to challenge any provision of this agreement in any United States or foreign court or tribunal. Defendant has acknowledged that his plea agreement does not afford him any right to reject or not comply with a written order of removal.

On October 29, 2018, the Court entered the stipulated judicial removal order, requiring defendant to be removed from the United States to Mexico promptly upon his satisfaction of any sentence of imprisonment in this case. (Dkt. 32.)

The government credits defendant's efforts to stipulate to his removal and save the United States resources (since his deportation would otherwise have to be adjudicated), and formally moves for a 1-level downward departure or variance.

## IV. THE PSR AND USPO RECOMMENDATION

The USPO disclosed its Presentence Investigation Report ("PSR") and recommendation letter on January 17, 2019. (Dkt. 35, 36.) The PSR calculates a total offense level of 10 and a criminal history category of II, resulting in a Guidelines range of 8 to 14 months' imprisonment.

While the PSR's total offense level of 10 did not include the 1-level downward departure agreed to by the parties in the Plea Agreement based on defendant's entry into a stipulation of judicial removal, the USPO noted that "the stipulation in conjunction with other mitigating factors warrants a similar downward variance." (Dkt. 35 at 8.) The USPO therefore recommended a sentence of 6 months' imprisonment, which includes a 1-level downward variance. This recommendation is ultimately consistent with the low-end of the Guidelines range based on a total offense level of 9 (which includes the 1-level downward departure as agreed to by the parties in the plea agreement) and a criminal history category of II, which would yield a Guidelines range of 6-12 months' imprisonment.

## V. GOVERNMENT'S SENTENCING POSITION

The government believes that a sentence of 6 months' imprisonment, a three-year period of supervised release, a $4,000 fine, and a $100 special assessment is a sufficient but not greater than necessary sentence in this case. This recommendation reflects a low-end Guidelines sentence, and is sufficient but not greater than necessary to accomplish the goals set forth in 18 U.S.C. § 3553(a).

The recommended sentence appropriately reflects the nature and circumstances of the offense. Defendant knowingly and fraudulently obtained a sensitive document -- a U.S. passport –- using the stolen

identity of another man. He later used this man’s identity to again deceive the U.S. government through a fraudulent naturalization application. This type of identity theft crime has substantial repercussive effects in the community, and a 6-month term of imprisonment represents just punishment.

Additionally, because this type of crime can be difficult to detect and prevent, general deterrence is an important factor here. Moreover, as the USPO notes in its Recommendation Letter, despite serving prior jail sentences for multiple DUI convictions –- including a jail term in late 2009, more than a year after first obtaining his fraudulent passport -- defendant has not yet been deterred from criminal activity. A 6-month term of imprisonment will hopefully deter defendant from continuing to pursue criminal behavior, and promote greater respect for the law.

Still, there are multiple mitigating factors here that merit a low-end sentence. First, defendant’s prior jail terms and law enforcement contact appear to have resulted from a drinking problem that defendant has long since resolved. Second, defendant has maintained a long and steady history of employment to support his family. Third –- and perhaps most significantly –- defendant has agreed to a judicial removal order that will result in his removal from the United States at the conclusion of this case. While defendant’s conviction would have inevitably resulted in the revocation of his fraudulently obtained citizenship, his agreement to a stipulated removal order has streamlined his deportation proceedings and saved the government valuable time and resources. It also demonstrates defendant’s true acceptance of responsibility for his conduct, and comes with a severe consequence: the loss of the

life defendant has built in this country. For these reasons, the government does not believe that a sentence above the low-end of the Guidelines is necessary to comply with the purposes set forth in Sections 3553(a)(1) and (a)(2).

Finally, with regard to supervised release, the government recommends that the Court impose a three-year term of supervised release. The government recommends a three-year term because it will not require any additional resources to be spent by the Court or the USPO so long as defendant remains outside the United States, but serves to deter defendant from illegally reentering the United States, and allows the Court to address any violations should defendant do so.

## VI. CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court impose the following sentence: (1) 6 months' imprisonment; (2) a three-year term of supervised release; (3) a $4,000 fine; and (4) a $100 special assessment.